IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-208 |
| | ) | |
| $43,660.00 in U.S. CURRENCY and | ) | |
| $4,000.00 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

During a traffic stop in Durham, North Carolina, police officers seized $47,660.00 from Vaughn Johnson ("Mr. Johnson"). (York Decl. ¶¶ 3–4, ECF No. 1-1.) $43,660.00 was found in the lining of two suitcases in the trunk of the vehicle, and $4,000.00 was found in a handbag in the back seat. (Id. ¶¶ 14, 19.) Mr. Johnson filed a claim for the currency. (ECF No. 6.) The United States then commenced this civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), based on its belief that the currency was connected to an exchange of a controlled substance. (Verified Compl. ¶¶ 1–2, ECF No. 1.) Mr. Johnson, a resident of Arizona, has now filed a Motion for Change of Venue requesting the Court to transfer this proceeding to the United States District Court for the District of Arizona. (ECF No. 8.) For the reasons below, the Court denies this motion.

The statute governing change of venue provides, in relevant part, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28

U.S.C. § 1404(a) (2012).  A civil forfeiture proceeding can be brought in "the district in which any of the acts or omissions giving rise to the forfeiture occurred," 28 U.S.C. § 1355(b)(1)(A), as well as any district where the property is found or brought, id. § 1395(b)–(c); see id. § 1355(b)(1)(B).  Mr. Johnson has failed to provide any facts indicating that venue would be appropriate in the District of Arizona under any of these provisions.

Even if the proceeding could have been brought in the District of Arizona, the Court finds that transfer would not "serve 'the convenience of parties and witnesses' [or] otherwise promote 'the interest of justice.'"  See Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).  In deciding a motion for change of venue, the Court considers a number of factors,[1] which, on balance, weigh against transfer.  Access to sources of proof would be easier in this District.  The four police officers involved in the traffic stop, who are key witnesses in this case, are located in North Carolina.  (Pl.'s Opp'n 10, ECF No. 10.)  While Mr. Johnson claims to have witnesses in Arizona, he has presented no facts to indicate the quality or materiality of their testimony, thereby "fail[ing] to demonstrate the requisite inconvenience" to these witnesses.  See Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992).  Further, North Carolina has an interest in the litigation, as the traffic stop and seizure of currency occurred in North Carolina.

---

[1] "Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'  Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'  The Court must also give some weight to the plaintiffs' choice of forum."  Atlantic Marine, 134 S. Ct. 581 n.6 (alteration in original) (citations omitted) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)).

2

Ultimately, while litigating in North Carolina would inconvenience Mr. Johnson, transferring the proceeding to the District of Arizona would merely "shift[] the inconvenience" to the United States, which does not support transferring the proceeding. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).  Absent a showing that the balance of interests is "strongly in favor" of transfer, "the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984).  The Court therefore declines to exercise its discretion to transfer the proceeding to the District of Arizona.

For the reasons outlined herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Claimant's Motion for Change of Venue (ECF No. 8) is DENIED.

This, the 24th day of June, 2015.

/s/ Loretta C. Biggs
United States District Judge

3

Case 1:15-cv-00208-LCB-LPA   Document 11   Filed 06/24/15   Page 3 of 3