## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV208 |
| | ) | |
| $43,660.00 in U.S. CURRENCY and | ) | |
| $4,000.00 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on Plaintiff's Motion to Strike (Docket Entry 18) the claim of Vaughn Johnson (the "Claimant") pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure (the "Rules"). Plaintiff previously filed a "Motion to Compel Response to Discovery" (the "Motion to Compel") requesting that the Court require Claimant to respond completely and fully to Plaintiff's First Request for Production of Documents ("Plaintiff's Document Requests"). (Docket Entry 14.) The Court granted Plaintiff's Motion to Compel, ordering "Claimant to respond to Plaintiff's [D]ocument [R]equests" and warning that "[f]ailure by Claimant to comply with [the] Order w[ould] result in the imposition of sanctions under [Rule] 37(b)(2), including the striking of [Claimant's] Verified Claim [(Docket Entry 6)] and [Claimant's] Verified Answer [(Docket Entry 7)] and/or the entry of a default judgment against Claimant." (Text Order dated Nov. 17, 2015.)

Plaintiff's Motion to Strike alleges that Claimant has failed to comply with the Court's Order to respond to Plaintiff's Document Requests and asks the Court to strike Claimant's claim. (Docket Entry 19 at 2.) Claimant has not responded to the Motion to Strike. (See Docket Entries dated Dec. 16, 2015, to present.) The undersigned Magistrate Judge now enters this Recommendation that the Court grant Plaintiff's Motion to Strike (Docket Entry 18) and strike Claimant's claim for failing to comply with a discovery order.

"[D]iscovery is a cornerstone of the litigation process." Jones v. Goord, No. 95 CIV. 8026, 2002 WL 1007614, at *1 (S.D.N.Y. May 16, 2002) (unpublished). It provides parties critical information necessary both to pursue or defend their claims at trial and to reduce the possibility of surprise. See Hickman v. Taylor, 329 U.S. 495, 507 (1947). Therefore, "[a] party who flouts [discovery] orders does so at his own peril[,] as compliance with discovery orders is necessary to the integrity of the judicial process." Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 14 (E.D.N.Y. 2013) (alterations in original; internal quotation marks omitted), recommendation adopted, id. at 2-8. To ensure compliance with discovery orders, Rule 37(b)(2)(A) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue

further just orders."[1]  Such orders include "striking pleadings in whole or in part," and "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(iii) & (v).  In evaluating the propriety of a dispositive sanction, the Court must consider:  "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."  Mutual Fed. Sav. and Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

In this case, the factors favor striking Claimant's claim. First, Claimant has failed to comply with this Court's order compelling him to respond to Plaintiff's Document Requests.  In fact, Claimant has not made any filings in nearly a year (see Docket Entries dated Apr. 24, 2015, to present), during which time he failed to respond to Plaintiff's first Motion to Extend Discovery Period (Docket Entry 12), Motion to Compel (Docket Entry

---

[1] "Rule 37(b)(2) limits the availability of sanctions to 'parties' and their agents; this is no bar to the dismissal of [Claimant's] claim, as courts have long held that *in rem* claimants are parties to the action."  United States v. $44,700.00 in U.S. Currency, Civ. Action No. 7:08-3462, 2010 WL 360510, at *2 n.1 (D.S.C. Jan. 26, 2010) (internal quotation marks omitted); see also United States v. $8,369.00 in U.S. Currency, 1:08CV145, 2009 WL 88060, at *1 (M.D.N.C. Jan. 12, 2009) (recommending dismissal of claim to the defendant property under Rule 37(b)), recommendation adopted, slip op. (M.D.N.C. Mar. 17, 2009).

3

14), second Motion to Extend Discovery Period (Docket Entry 16), and Motion to Strike (Docket Entry 18). Plaintiff filed a Certificate of Service with each of these motions, verifying service upon Claimant at the address he provided in his Verified Claim (Docket Entry 6, ¶ 2 (providing "the address at which the [C]laimant will accept future mailings"). The Court also sent copies of its orders to this address. (See Docket Entries dated June 24, 2015, July 21, 2015, and Nov. 18, 2015.) Nothing in the record indicates that Claimant has not received Plaintiff's filings or the Court's orders, so the undersigned must conclude Claimant has willfully failed to participate in this litigation. See Green v. John Chatillon & Sons, 188 F.R.D. 422, 424 (M.D.N.C. 1998) ("Noncompliance with discovery orders can serve as a basis for a finding of bad faith.").

Second, Claimant has caused Plaintiff significant prejudice. To defend against Claimant's claim to the defendant property, Plaintiff's Document Requests "sought documents and other tangible items relating to (1) details concerning the acquisition of the defendant property, and (2) details concerning the net worth and sources of income of the Claimant." (Docket Entry 19 at 4; see also Docket Entry 15 at 23-28 (Plaintiff's Document Requests).) Plaintiff credibly contends that "[t]his information is necessary to establish ownership of the defendant property and affirmatively show that the defendant property was used to facilitate illegal

4

drug activity or represent illegal drug proceeds, and to defend against claims of a legitimate source for the defendant property." (Docket Entry 19 at 4.)  By failing to respond to Plaintiff's Document Requests, Claimant has therefore withheld information necessary for Plaintiff to proceed in this litigation.  Plaintiff cannot prepare for trial without fair notice of Claimant's version of events and supporting evidence.

Third, Claimant's stalwart refusal to participate in this litigation or respond to Plaintiff's Document Requests embodies a particularly troublesome form of noncompliance with a discovery order.  By refusing to participate or respond, Claimant intentionally delays the swift administration of justice, and the Court must deter such activity.  See United States v. $8,369.00 in U.S. Currency, 1:08CV145, 2009 WL 88060, at *1 (M.D.N.C. Jan. 12, 2009) (recommending dismissal of claim under Rule 37(b), and noting that "[t]here is obviously a need for deterrence when a claimant files a claim and then does nothing to pursue it"), recommendation adopted, slip op. (M.D.N.C. Mar. 17, 2009); United States v. Three Tracts of Real Prop. in E. Bend Twp., Yadkin Cty., N.C., 1:04CV987, 2007 WL 433381, at *1 (M.D.N.C. Feb. 5, 2007) ("Outright non-compliance with a court order cannot be countenanced, and such flagrant violation of the [R]ules must be deterred."), recommendation adopted, id.

5

Fourth, despite the Court's previous Order requiring Claimant to respond to Plaintiff's Document Requests and warning Claimant that failure to comply may result in the striking of his claim (Text Order dated Nov. 17, 2015); *see* Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) ("emphasiz[ing] the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"), Claimant has not produced the requested documents. Accordingly, "[t]here are no less drastic sanctions because these matters are totally within the Claimant's control, are simple, and by failing to obey [a] court order[]" or participate in this litigation in any meaningful way for nearly a year, "Claimant has indicated an abdication of an intent to pursue this matter." $8,369.00 in U.S. Currency, 2009 WL 88060, at *1 (citing Pontoon v. National R.R. Passenger Corp., 194 F.R.D. 521 (M.D.N.C. 1999)); *see also* United States v. $35,057.00 in U.S. Currency, Civ. Action No. 12-2675, 2015 WL 1284635, at * 2 (D. Md. Mar. 20, 2015) (granting the government's motion to strike the claimant's claim under Rule 37(b) because the claimant would not make himself available for deposition); Green, 188 F.R.D. at 425 (dismissing the plaintiff's case with prejudice under Rule 37(b) for "fail[ing] to provide responses to [the defendant's] discovery requests despite giving multiple assurances to [the defendant's] counsel that responses

6

were forthcoming and a court order requiring responses and threatening dismissal for noncompliance").

In sum, all four factors support striking Claimant's claim.

**IT IS RECOMMENDED** that Plaintiff's Motion to Strike (Docket Entry 18) be granted and that Claimant's Verified Claim (Docket Entry 6) and Verified Answer (Docket Entry 7) be stricken.


                                    /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                      **United States Magistrate Judge**


February _9_, 2016