IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV208 |
| | ) | |
| $43,660.00 in U.S. CURRENCY | ) | |
| and $4,000.00 in U.S. | ) | |
| CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on the "Motion to Set Aside Order Compelling Production of Document and Objection to Magistrate's Recommendations" (Docket Entry 22) (the "Motion to Set Aside") of pro se claimant Vaughn Johnson (the "Claimant"). For the reasons that follow, the Court should deny the Motion to Set Aside.

**I. BACKGROUND**

The Motion to Set Aside requests that the Court "reconsider" its previous order (Text Order dated Nov. 17, 2015) (the "Discovery Order") granting Plaintiff's "Motion to Compel Response to Discovery" (Docket Entry 14) (the "Motion to Compel"). (Docket Entry 22 at 10 ("[Claimant] respectfully requests that this honorable Court reconsider its order compelling disclosure . . .

and set aside its order compelling disclosure.").) Plaintiff's Motion to Compel alleged that

> [o]n or about June 24, 2015, Plaintiff served [Claimant] . . . with a set of Interrogatories [(the "Interrogatories")] and Requests for Production of Documents [(the "Document Requests")] . . . . Claimant's answers to the Interrogatories and [Document Requests] were due by July 27, 2015. Responses to the Interrogatories were received on September 16, 2015.
>
> On September 18, 2015, [Plaintiff] sent a letter to Claimant requesting responses to the [Document Requests].
>
> On September 29, 2015, [Plaintiff] sent a second letter to Claimant requesting responses to the [Document Requests].
>
> To date, no responses to the [Document Requests] have been received.

(Docket Entry 15 at 1-2 (citations omitted).) The Motion to Compel also contended that "Claimant has not . . . asserted any proper objection or claim of privilege" to the Document Requests (id. at 2), and asked the Court to compel Claimant "to respond completely and fully" to the Document Requests (Docket Entry 14 at 1).

Claimant did not respond to the Motion to Compel. (See Docket Entries dated Oct. 21, 2015, to present.) Accordingly, the Court entered the Discovery Order, which granted the Motion to Compel, "order[ed] Claimant to respond to Plaintiff's [D]ocument [R]equests by [November 30, 2015]," and warned him that "[f]ailure . . . to comply with th[e] [Discovery] Order w[ould] result in the imposition of sanctions under [Rule] 37(b)(2) [of the Federal Rules of Civil Procedure (the "Rules")], including the striking of

2

[Claimant's] Verified Claim [(Docket Entry 6)] and [Claimant's] Verified Answer [(Docket Entry 7)] and/or the entry of a default judgment against Claimant." (Text Order dated Nov. 17, 2015.)

Claimant did not object to the Discovery Order (see Docket Entries dated Nov. 17, 2015, to present), or comply with its mandate to respond to Plaintiff's Document Requests (see Docket Entry 19 at 2 ("Claimant has not responded to Plaintiff's [Document Requests].")). Consequently, on December 16, 2015, Plaintiff filed a "Motion to Strike" (Docket Entry 18), requesting that the Court strike Claimant's Verified Claim for Claimant's failure to comply with the Discovery Order (Docket Entry 19 at 2-5). Claimant did not respond to the Motion to Strike. (See Docket Entries dated Dec. 16, 2015, to present.) As a result, the undersigned entered a Memorandum Opinion and Recommendation (the "Recommendation"), recommending that the Court grant Plaintiff's Motion to Strike (Docket Entry 18) and strike Claimant's Verified Claim (Docket Entry 6) and Verified Answer (Docket Entry 7) for his failure to comply with the Discovery Order. (Docket Entry 20.)[1]

Now, in a belated attempt to object to Plaintiff's Document Requests, Claimant's Motion to Set Aside "moves this Court,

---

[1] The Court has not yet ruled on the Recommendation. (See Docket Entries dated Feb. 9, 2016, to present.) Although labeled, in part an objection to the Recommendation, the Motion to Set Aside actually presents no objections directed to the Recommendation. (See Docket Entry 22.) Instead, the Motion to Set Aside implicitly contests the Recommendation by challenging the Discovery Order (the violation of which underlies the Recommendation).

3

pursuant to Rule 60 . . . to set aside the [Discovery Order] in violation of [Plaintiff's] Fifth Amendment [r]ights." (Docket Entry 22 at 1.) Specifically, the Motion to Set Aside alleges: (1) that "[Claimant] has been receiving sporadic mail and did not receive the Motion to Compel or [Discovery Order] via U.S. Mail," (2) that he responded to Plaintiff's Interrogatories on September 29, 2015, and (3) that he "objected to the [I]nterrogatories [as] being overly broad and asserted his Fifth Amendment privilege." (Id. at 4.)[2] For these reasons, Claimant "requests that [the] Court reconsider its [Discovery Order], [and] find that [Claimant] has standing to contest the forfeiture" and that he properly asserted "his Fifth Amendment [r]ight to resist [t]he overly broad [I]nterrogatories and [Document Requests]." (Id. at 10.)[3]

---

[2] Claimant only alleges not receiving the Motion to Compel and Discovery Order (Docket Entry 22 at 4), which, by negative implication, indicates that Claimant received all other documents mailed to him in this case, including: (1) Plaintiff's letter dated September 18, 2015, asking Claimant to respond to the Document Requests and warning him that "failure to respond may ultimately result in . . . dismissal of [his] claim" (Docket Entry 15 at 38); (2) Plaintiff's letter dated September 29, 2015, again asking Claimant to respond to the Document Requests and again warning him that "failure to respond may ultimately result in . . . dismissal of [his] claim" (id. at 39); and (3) Plaintiff's Motion to Strike and supporting memorandum requesting that the Court strike Claimant's Verified Claim for his failure to comply with the Discovery Order (Docket Entry 18 at 3; Docket Entry 19 at 7). Despite receiving each of these documents, Claimant did not respond with his objections to the Document Requests until the Motion to Set Aside. (See Docket Entry 23 at 2-3.)

[3] The Motion to Set Aside asserts that Claimant has "constitutional standing" to challenge the forfeiture of the Defendant property. (Docket Entry 22 at 4-10.) Plaintiff does not

4

Claimant's arguments do not warrant relief, and thus the Court should deny the Motion to Set Aside.

## II. LEGAL STANDARD

Claimant contends that the Court's authority to reconsider the Discovery Order arises under Rule 60(b). (Id. at 4.) However, that Rule governs reconsideration of a "<u>final</u> judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). An order granting a motion to compel is an interlocutory order, not a final order. <u>Mount Hawley Ins. Co. v. Felman Prod., Inc.</u>, No. 3:09-cv-481, 2010 WL 1404107, at *2-*3 (S.D.W. Va. Mar. 30, 2010) (unpublished) (concluding that an order granting a motion to compel represents an interlocutory order and not a final judgment); <u>see also</u> <u>In re Topper</u>, 23 F. App'x 127, 128 (4th Cir. 2001) ("A final order is one that disposes of all the issues in dispute as to all parties, and 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945))).

"The [Rules] do not set out any standard for reconsideration of interlocutory orders," <u>Akeva, LLC v. Adidas Am., Inc.</u>, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005), but only provide that

---

contest Claimant's Article III standing (Docket Entry 23 at 2), and the undersigned recommended dismissal of Claimant's Verified Claim and Verified Answer based on Claimant's failure to comply with the Discovery Order, not for lack of standing (<u>see</u> Docket Entry 20). As no challenge to Claimant's standing currently exists, his arguments regarding standing are not relevant to the determination of whether the Court should reconsider the Discovery Order.

5

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, under Rule 54(b), the Court possesses the discretion to revisit its Discovery Order at any time prior to final judgment. See United States v. Duke Energy Corp., 218 F.R.D. 468, 473-74 (M.D.N.C. 2003).

Although "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003), for guidance "courts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment." McGhee v. United States, Civ. Action No. 5:09-CT-3192, 2011 WL 2976274, at *1 (E.D.N.C. Jul. 22, 2011) (unpublished) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991), and Superior Bank v. Tandem Nat'l Mortg., 197 F. Supp. 2d 298, 332 (D. Md. 2000)).

6

Courts also must consider that "[p]ublic policy favors an end to litigation" and "efficient operation [of the courts] requires the avoidance of re-arguing questions that have already been decided." Akeva, 385 F. Supp. 2d at 565 (citing Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003)). To that end, a motion to reconsider under Rule 54(b) "is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished) (internal quotation marks omitted). "This approach makes sense not only because the limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court but also because allowing motions to reconsider offhandedly or routinely would result in an unending motions practice." Studivent v. Huskey, No. 1:10CV144, 2013 WL 170005, at *3 (M.D.N.C. Jan. 16, 2013) (unpublished) (alterations and internal quotation marks omitted); see also Coryn Grp. II, LLC v. O.C. Seacrets, Inc., No. 08-2764, 2011 WL 4701749, at *2 n.4 (D. Md. Sept. 30, 2011) (unpublished) ("Routine reconsideration of interlocutory orders would undermine judicial economy and respect for the finality of decisions.").

## III. ANALYSIS

Under this standard, Claimant has failed to establish any basis for reconsideration of the Discovery Order. First, Claimant alleges that he "has been receiving sporadic mail and did not receive the Motion to Compel or [Discovery Order] via U.S. Mail." (Docket Entry 22 at 4.)[4] In that regard, "[t]he rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." Hagner v. United States, 285 U.S. 427, 430 (1932). The party seeking to rebut the presumption of receipt must present "strong evidence to the contrary." Bosiger v. U.S. Airways, 510 F.3d 442, 451 (4th Cir. 2007). A party's mere assertion that "his failure to receive mail [wa]s due to the rural nature of his mailing location, confusion over the location of his post office box in relation to that of a similarly named entity, and the general failings of rural route mail carriers" will not rebut the presumption of receipt. In re Ebersole, 453 B.R. 636, 638 (Bankr. W.D. Va. 2011) (denying party's Rule 60(b) contention alleging non-receipt of the court's pre-hearing order where a court-generated

---

[4] Although Claimant does not identify a Rule or provision that supports reconsideration on that basis, courts considering similar arguments have borrowed Rule 60(b)(6)'s "catchall" provision that allows for reconsideration for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). See, e.g., In re Ebersole, 453 B.R. 636, 637 (Bankr. W.D. Va. 2011).

certificate of mail indicated that the pre-hearing order "was sent via mail to [that party] at his address").

In this case, Claimant included the same address in his Motion to Set Aside (Docket Entry 22 at 1) that he provided in each of his previous Court filings (see Docket Entry 6 at 1; Docket Entry 7 at 1; Docket Entry 8 at 1). The Court mailed the Discovery Order to Claimant at that address (see Docket Entry dated Nov. 18, 2015), and received no indication of any failure of delivery (see Docket Entries dated Nov. 18, 2015, to present). In like manner, Plaintiff attached certificates of service to the Motion to Compel and accompanying memorandum, certifying that Plaintiff mailed both documents to Claimant at the same address that Claimant provided in his court filings. (Docket Entry 14 at 3; Docket Entry 15 at 5.) This evidence of mailing creates a strong presumption that Claimant received both the Discovery Order and Motion to Compel. See P.L.U.S. Brokerage, Inc. v. Jong Eun Kim, 908 F. Supp. 2d 711, 716 (D. Md. 2012) ("Mail sent is presumed delivered absent strong evidence to the contrary." (citing Bosiger, 510 F.3d at 452)).

In the face of that presumption, Claimant has provided no evidentiary support for any alleged "sporadic" receipt of mail in general or non-delivery of the Motion to Compel or Discovery Order in particular. (See Docket Entry 22 at 1-10.)[5] That failure

---

[5] Claimant did not verify his Motion to Set Aside. (See Docket Entry 22.)

9

undermines Claimant's request for relief from the Discovery Order. See In re Weiss, 111 F.3d 1159, 1172-73 (4th Cir. 1997) (explaining that party's denial of receipt of the district court's briefing letter failed "to rebut the presumption that she received the briefing letter"); P.L.U.S. Brokerage, Inc., 908 F. Supp. 2d at 716 (determining that the defendant's mere assertion that "the plaintiffs have not shown that the invoices were sent to [him]" did not qualify as the strong evidence necessary to rebut the presumption of delivery); In re Ebersole, 453 B.R. at 638 (concluding that party's assertion of non-delivery based on unreliable mail service did not rebut presumption of receipt); see also FDIC v. Schaffer, 731 F.2d 1134, 1137-38 (4th Cir. 1984) (concluding that even parties' affidavits denying receipt failed to rebut presumption of delivery of certified mail). Accordingly, Claimant's bald denial of receipt of the Motion to Compel and Discovery Order because of "sporadic mail" does not provide a sufficient basis to disregard the presumption of receipt.

Further, even if Plaintiff's unverified report of "sporadic mail" could rebut the presumption of receipt, the Court should deny the Motion to Set Aside because Claimant's remaining arguments provide no grounds for altering or amending the Discovery Order. As discussed above, Claimant contends that he responded to Plaintiff's Interrogatories on September 29, 2015, and "objected to the [I]nterrogatories [as] being overly broad and asserted his

10

Fifth Amendment privilege" (Docket Entry 22 at 4). The Discovery Order did not, however, require that Claimant respond to those Interrogatories, but rather compelled "Claimant to respond to Plaintiff's [D]ocument [R]equests." (Text Order dated Nov. 17, 2015; see also Docket Entry 15 at 1 (Plaintiff conceding receipt of responses to Interrogatories).) Claimant has not alleged that he responded to the Document Requests. (See Docket Entry 22.)[6]

Moreover, to the extent Claimant now attempts to object to the Document Requests as "overly broad" and/or to assert his Fifth Amendment privilege against self-incrimination (see id. at 4, 10), he waived both his objection and privilege as to the Document Requests by not responding to the Document Requests as required by the Rules.[7] In particular, at all times relevant to Claimant's duty to respond to the Document Requests, Rule 34 provided that "[t]he party to whom the [document] request is directed must respond in writing within 30 days after being served," and if the

---

[6] Even if Plaintiff asserted his Fifth Amendment privilege in response to the Interrogatories, that assertion would not satisfy his duty to respond independently to the Document Requests. In that regard, "[a] blanket invocation of the Fifth Amendment privilege [against self-incrimination] is not permitted; it must instead be asserted on a question-by-question basis so that the propriety of invoking the privilege can be tested against specific circumstances or questions." Brock v. Gerace, 110 F.R.D. 58, 62 (D.N.J. 1986) (citing National Life Ins. Co. v. Hartford Accident & Indem. Co., 615 F.2d 595, 599 (3d Cir. 1980)).

[7] The United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).

11

party objects to the document request, the party must "state [his] objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(A)-(B) (2015); see also Fed. R. Civ. P. 34(b)(2)(C) (2015) ("An objection to part of a request must specify the part and permit inspection of the rest.").[8] Objections not asserted in a discovery response are deemed waived. Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 258 (M.D.N.C. 2001) ("While [Rule] 34 does not explicitly provide for waiver when objections are not stated, Rule 34(b), like Rule 33(b)(4), requires the reasons for any objections to be explicitly stated. Therefore, the [c]ourt finds the waiver to be an implicit one." (internal footnote omitted)).

Similarly, Rule 26 provides:

When a party withholds information otherwise discoverable by claiming that the information is privileged . . ., the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

---

[8] Rule 34 was amended effective December 1, 2015, but those amendments would not affect the outcome of the Motion to Compel or Motion to Set Aside. See Fed. R. Civ. P. 34(b)(2)(A)-(C) (2016).

12

Fed. R. Civ. P. 26(b)(5)(A).[9] Failing to timely assert a privilege results in its waiver. Drexel Heritage Furnishings, Inc., 200 F.R.D. at 258; see also United States v. Ehrlich, Civ. Action No. 95-661, 1998 WL 372355, at *5 (E.D. Pa. May 28, 1998) (explaining that the Fifth Amendment privilege "is not self-executing: it can be affirmatively waived or lost by not asserting it in a timely fashion"); Brock v. Gerace, 110 F.R.D. 58, 62 (D.N.J. 1986) (acknowledging that when responding to discovery, a civil litigant can lose his Fifth Amendment privilege against self-incrimination "'by not asserting it in a timely fashion'" (quoting Maness v. Meyers, 419 U.S. 449, 466 (1975)).

Here, Claimant did not in any manner timely respond to the Document Requests (e.g., provide the requested documents, object to the scope, or assert his Fifth Amendment privilege). (Docket Entry 15 at 1-2.)[10] Instead, Claimant sat idle for eight months and now attempts to raise an objection and assert a privilege through his

---

[9] In other words, "[t]o validly assert [a privilege], [a party] must expressly state [the privilege] in response to the particular discovery request involved and serve with the discovery responses a [signed] privilege log . . . . Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the protection otherwise claimed." Rhodes v. Ingram, No. 7:13-CV-192, 2015 WL 1038136, at *4 (E.D.N.C. Mar. 10, 2015) (unpublished). Claimant does not allege that he provided a signed privilege log in response to Plaintiff's Document Requests. (See Docket Entry 22.)

[10] Again, Claimant does not allege non-receipt of the Document Requests (Docket Entry 15 at 23-29) or of Plaintiff's two letters requesting that Claimant respond to the Document Requests (id. at 38-39). (See Docket Entry 22.)

13

Motion to Set Aside.  (See Docket Entry 22 at 4, 10.)  That approach cannot succeed because Claimant's failure to timely raise the objection and privilege resulted in their waiver. Primrose v. Castle Branch, Inc., No. 7:14-CV-235, 2016 WL 917318, at *3-*5 (E.D.N.C. Mar. 8, 2016) (unpublished) (explaining that an objection or privilege not expressly asserted in response to a particular production request, unless excused, results in its waiver).[11] Because Claimant has waived his objection and privilege by not timely responding to Plaintiff's Document Requests and offers no other grounds to alter or amend the Discovery Order, reconsideration of the Discovery Order would be futile. Accordingly, the Court should deny the Motion to Set Aside.

### IV. CONCLUSION

Claimant's conclusory contention that he did not receive the Motion to Compel and Discovery Order falls well short of rebutting the presumption of delivery; however, even if that allegation of non-delivery provided sufficient grounds to reconsider the Discovery Order, Claimant waived his objection to the scope of discovery and his Fifth Amendment privilege by not timely

---

[11] The Court may excuse waiver of a privilege upon a showing of "good cause." Drexel Heritage Furnishings, Inc., 200 F.R.D. at 259 (describing factors relevant to a good cause analysis). Here, Claimant has not asserted that good cause exists to excuse his failure to timely raise his Fifth Amendment privilege in a response to Plaintiff's Document Requests. (See Docket Entry 22.) On the contrary, the record reveals that Claimant waived his Fifth Amendment privilege by intentionally choosing not to respond in any manner to the Document Requests.

14

responding to the Document Requests, rendering futile any reconsideration of the Discovery Order.

**IT IS THEREFORE RECOMMENDED** that Claimant's Motion to Set Aside (Docket Entry 22) be denied.

                                                            /s/ L. Patrick Auld
                                                                  **L. Patrick Auld**
                                           **United States Magistrate Judge**

April 22, 2016